UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN THEODORE RODEWALD,

Plaintiff,

v.

JOE A. LIZARRAGA,

Defendant.

Case No. 5:18-cv-02513-EJD

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner John Theodore Rodewald pleaded guilty to felony drug possession and was sentenced to twenty-five years to life under California's Three Strikes Law. Following changes to the California law, he filed a petition for resentencing in the trial court, which denied his request. The California Court of Appeal affirmed the trial court's decision. Petitioner has now petitioned this court for a writ of habeas corpus pursuant to U.S.C. § 2254, challenging the denial of his resentencing. Respondent filed an answer on the merits (Dkt. No. 17) and Petitioner filed a traverse (Dkt. No. 19). For the reasons discussed below, the petition for writ of habeas corpus is DENIED.

**I.  Background**

In 2007, Petitioner pleaded guilty in Santa Clara County Superior Court to felony possession of cocaine (Cal. Health & Saf. Code § 11350(a)) and admitted two prior "strikes:" a residential burglary in 1991 and a robbery in 1985. After a sentencing hearing, the court declined to strike one of the prior offenses under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996). On April 26, 2007, Petitioner was sentenced to twenty-five years to life in prison pursuant

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
1

to the Three Strikes Law.[1]

After Petitioner was sentenced, two important changes in the law went into effect. First, Proposition 36, the Three Strikes Reform Act of 2012, amended the type of "third strike" required to subject a defendant to a sentence of twenty-five years to life, and allowed defendants currently serving a "third strike" sentence to petition for a reduction in their sentence. Pen. C. § 1170.126. Second, in 2014, Proposition 47, the Safe Neighborhoods and Schools Act, reduced drug possession felonies, such as Petitioner's, to misdemeanors. Pen. C. §1170.18. In addition to prospectively reducing the penalty for certain offenses, Proposition 47 also permitted eligible defendants who were serving felony sentences as of the measure's effective date to retroactively obtain relief by petitioning for resentencing. Pen. Code, § 1170.18, subd. (a), as amended by Stats. 2016, ch. 767, § 1, p. 5313. This resentencing provision under Proposition 47 is more restrictive than initial sentencing under the statute. In particular, Section 1170.18 instructs that relief be denied if the trial court determines that resentencing the defendant would pose an "unreasonable risk of danger to public safety," whereas initial sentencing, even of those who were already convicted at the time the statute went into effect, allows for no such discretion.

In 2013, Petitioner filed for resentencing pursuant to Proposition 36 and later added a request under Proposition 47 as well. In 2014, the court denied the petition for resentencing under both laws, finding that Petitioner presented an "unreasonable risk of danger to public safety." Ex. 3, Dkt. No. 18-4 at 196. Petitioner appealed the denial of his resentencing petition to the California Court of Appeal, Sixth Appellate District, raising the constitutional claims presented in this case, among other things. On January 3, 2017, the Court of Appeal affirmed the order denying the petition for resentencing. Ex. 5, Dkt. No. 18-6. Petitioner then filed a petition for review in the California Supreme Court. The California Supreme Court summarily denied the

---

[1] The facts underlying Petitioner's criminal history are not relevant to the equal protection claim he raises and the Court does not detail them here. Those facts do appear in the California Court of Appeal's opinion affirming the denial of resentencing. *See* Ex. 5, Dkt. No. 18-6.

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
2

petition for review. Ex. 7, Dkt. No. 18-8.

Petitioner does not challenge his 2007 judgment; rather, he challenges the denial of his request for resentencing under Proposition 47. The Court of Appeal was the highest court to have reviewed Petitioner's resentencing claims in a reasoned decision, and accordingly it is the Court of Appeal's decision that this Court reviews now. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

## II.  Legal Standard

This Court may entertain a petition for a writ of habeas corpus on behalf of "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003).

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
3

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation omitted). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id.* at 103.

**III.   Discussion**

    **A.   The State Court Decision**

Petitioner argues that Proposition 47 violates the equal protection clause of the Fourteenth Amendment to the Constitution by providing different remedies for people serving sentences and people who were convicted but not yet sentenced at the time of its enactment. Petitioner raised this equal protection claim on appeal, where the California Court of Appeal summarized and rejected it as follows:

> Defendant contends that section 1170.18 violates equal protection by providing trial courts with the discretion not to resentence persons who are "currently serving a sentence" (§ 1170.18, subd. (a)) based on a finding that resentencing would pose an "unreasonable risk of danger to public safety" (id., subd. (b)). Defendant points out that trial courts must impose a misdemeanor sentence for an eligible defendant who committed the same

offense as him but had not yet been sentenced at the time Proposition 47 passed, without any consideration of the risk of danger to public safety. He also points out that trial courts must redesignate the felony conviction of an eligible defendant who committed the same offense as him and who "completed his or her sentence" (§ 1170.18, subd. (f)), without any consideration of the risk of danger to public safety. Defendant contends that the three groups are similarly situated and that differential treatment of the three groups does not pass the strict scrutiny or rational basis tests.

The Attorney General argues that defendant forfeited his equal protection claim by failing to raise it below, because it is an "'as applied' argument." In his opening brief, defendant does assert that Proposition 47 violates equal protection "as applied to [him]." However, defendant's claim is better characterized as a "'facial challenge'" because it involves "the review of abstract and generalized legal concepts" rather than "scrutiny of individual facts and circumstances." (*See In re Sheena K.* (2007) 40 Cal.4th 875, 885, 55 Cal. Rptr. 3d 716, 153 P.3d 282.) We will therefore consider defendant's claim on the merits.

""'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.] In other words, we ask at the threshold whether two classes that are different in some respects are sufficiently similar with respect to the laws in question to require the government to justify its differential treatment of these classes under those laws." (*People v. McKee* (2010) 47 Cal.4th 1172,

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
5

1202, 104 Cal. Rptr. 3d 427, 223 P.3d 566 (*McKee*).)

The """"purposes of the law challenged"""" (*McKee*, supra, 47 Cal.4th at p. 1202) are set forth in sections 2 and 3 of Proposition 47. In section 2 of the initiative, the electorate declared that it was enacting the Act "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2.) Section 3 of the initiative specified six items that comprised the "purpose and intent of the people of the State of California" in enacting the Act: "(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund. . . . [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) This measure will save significant state corrections dollars on an annual basis. . . . This measure will increase investments in programs that reduce crime and improve public safety, . . . which will reduce future expenditures for corrections." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3.)

The Attorney General asserts that, for purposes of Proposition 47, the timing

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
6

of conviction differentiates the three different groups of eligible defendants affected by that initiative: (1) those (like defendant) who had committed an offense that became a misdemeanor after Proposition 47 passed and were "currently serving a sentence" (§ 1170.18, subd. (a)) at the time they filed a petition for recall of sentence (group 1); (2) those who have committed the same offense but had not yet been sentenced at the time Proposition 47 passed (group 2); and (3) those who had committed the same offense and had completed serving their sentences before seeking redesignation of their convictions pursuant to Proposition 47 (group 3). We agree with the Attorney General that defendants in group 1 are not similarly situated to defendants in group 3, who completed serving felony sentences prior to seeking redesignation of their convictions. Redesignating the felony convictions of defendants in group 3 will not save the state any prison costs, since their prison sentences have been completed. Redesignating the felony convictions of defendants in group 3 will also not pose a potential danger to the public, since the redesignation will not cause those defendants to be released from prison.

It is a closer question whether, for purposes of Proposition 47, defendants in group 1 are similarly situated to defendants in group 2. Reducing the convictions of both groups will save the state prison costs, and at least arguably, misdemeanor punishment for both groups poses a similar danger to public safety. We will assume that these two groups are similarly situated, and proceed to consider whether their differential treatment is justified. (*See McKee*, supra, 47 Cal.4th at p. 1202.)

Defendant argues that in determining whether Proposition 47's differential treatment is justified, we should apply the strict scrutiny standard of review,

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
7

under which "the state must first establish that it has a compelling interest which justifies the law and then demonstrate that the distinctions drawn by the law are necessary to further that purpose. [Citations.]" (*People v. Olivas* (1976) 17 Cal.3d 236, 251, 131 Cal. Rptr. 55, 551 P.2d 375, italics omitted (*Olivas*).) Defendant contends that strict scrutiny is appropriate because Proposition 47 affects his personal liberty, which is "a fundamental interest or right." (*Olivas*, supra, at p. 251.)

As the Attorney General points out, however, the rational relationship test has been deemed appropriate to similar equal protection challenges, such as the claim that Proposition 36 violates equal protection because it, like Proposition 47, contains a dangerousness exception that applies only to those defendants who had been sentenced to indeterminate life terms prior to the initiative's effective date. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 178, 151 Cal. Rptr. 3d 901 (*Yearwood*).) As *Yearwood* explained: "Prisoners are not a suspect class. The status of being incarcerated is neither an immutable characteristic nor an invidious basis of classification. [Citation.]" (*Ibid.*; *see also People v. Lynch* (2012) 209 Cal.App.4th 353, 359, 146 Cal. Rptr. 3d 811 (*Lynch*) ["Where, as here, the question involves the possible retroactive application of a more beneficial sentencing scheme, defendant has no fundamental liberty interest at stake."].)

We find that the electorate had a rational basis for including a dangerousness exception as to defendants who were "currently serving a sentence" (§ 1170.18, subd. (a)) at the time they filed a petition for recall of sentence, but not as to defendants who have committed the same offense but had not yet been sentenced at the time Proposition 47 passed. The discretionary public safety exception applicable to the first group is rationally related to a

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
8

legitimate state interest: it decreases the likelihood that prisoners whose sentences are reduced or who are released due to Proposition 47 will pose an unreasonable risk of danger to the public. (*Cf. Yearwood*, supra, 213 Cal.App.4th at p. 179.) The electorate could have decided that a discretionary public safety exception was not as important for those defendants who had not yet been sentenced, since public safety can be protected through the charging discretion afforded to prosecutors as well as by court approval of any plea bargain and the court's discretionary sentencing decisions.

Our Supreme Court has rejected the notion that an equal protection violation can arise "from the timing of the effective date of a statute lessening the punishment for a particular offense." (*People v. Floyd* (2003) 31 Cal.4th 179, 188, 1 Cal. Rptr. 3d 885, 72 P.3d 820 [no equal protection violation arising from prospective application of Proposition 36, the Substance Abuse and Crime Prevention Act of 2000].) Prospective application of a new statute "allows the Legislature [or electorate] to control the risk of new legislation by limiting its application. If the Legislature [or electorate] subsequently determines the benefits of the legislation outweigh the costs, then it may extend the benefits of the legislation retroactively." (*Lynch*, supra, 209 Cal.App.4th at p. 361.)

We conclude that section 1170.18 does not violate equal protection by providing trial courts with the discretion not to resentence persons like defendant, who was "currently serving a sentence" (*id.*, subd. (a)) at the time he filed his petition, based on a finding that resentencing would pose an "unreasonable risk of danger to public safety" (*id.*, subd. (b)), but not providing that discretion as to eligible defendants who committed the same offense as him but were not yet sentenced at the time Proposition 47 passed,

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
9

nor as to eligible defendants who committed the same offense as him and who had completed serving their sentences at the time they filed their petitions.

Ex 5, Dkt. No. 18-6 at 9-14.

## B. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Generally, legislation "is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest."[2] *Cleburne Living Center*, 473 U.S. at 439; *cf. Heller v. Doe*, 509 U.S. 312, 319 (1993) (noting that classifications subject to rational basis review are "accorded a strong presumption of validity"). Hence, "'the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it,' . . . whether or not the basis has a foundation in the record." *Heller*, 509 U.S. at 320-21 (citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

"The first step in equal protection analysis is to identify the state's classification of groups." *Ariz. Dream Act Coal.*, 855 F.3d 957, 966 (2017) (quoting *Country Classic Diaries, Inc. v. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988)). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Ariz. Dream Act Coal.*, 855 F.3d at 966 (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005)). "While the group members may differ in some respects, they must be similar in the respects pertinent to the State's policy." *Taylor v. San Diego County*, 800 F.3d 1164, 1169 (9th Cir. 2015).

The Court of Appeal assumed, without deciding, that persons serving a sentence at the

---

[2] This standard is often referred to as "rational basis review." Petitioner no longer contends, as he did in state court, that heightened scrutiny applies. *See* Petition, Dkt. No. 1 at 22.

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
10

1   time the statute went into effect ("Group 1") are similarly situated to those who had been

2   convicted of the same offense but were awaiting sentencing at the time the statute went into effect

3   ("Group 2").  Dkt. No. 18-6, Ex. 5 at 12 (noting it is a "close[] question" whether the groups are

4   similarly situated).  Petitioner argues that the two groups are similarly situated because persons in

5   both groups have been convicted of crimes that are now classified as misdemeanors.  Petitioner's

6   Traverse to Answer ("Traverse"), Dkt. No. 19 at 11.  Respondent argues that the two groups are

7   not similarly situated.  Specifically, Respondent argues that resentencing individuals in Group 1,

8   Petitioner's group, will yield less cost savings for the state, one of the stated goals of the statute.

9   This is because much of the incarceration costs for individuals in Group 1 have already been

10  spent, while individuals in Group 2 have not yet incurred incarceration costs.  Answer, Dkt. No.

11  17 at 8.  While the state may stand to save more in incarceration costs by automatically applying

12  Proposition 47's new sentencing guidelines to individuals who have not yet been sentenced, there

13  would still be at least some cost savings upon the resentencing of those already serving a sentence.

14  Thus, the Court finds that the groups are similarly situated with respect to the state's goal of

15  saving incarceration costs and assumes, as the Court of Appeal did, that they are similarly situated

16  for the purposes of Petitioner's Equal Protection claim.

17        Respondent next argues that even if the two groups are similarly situated, "[P]etitioner

18  fails to meet his burden of showing disparate treatment."  Answer at 9.  That is, Respondent

19  argues it is not clear whether "an individual who, on November 5, 2014, had been convicted of but

20  not yet sentenced for a violation of section 11350(a) is not subject to the petition process of

21  1170.18."  *Ibid.*  In the time since Respondent's brief was filed, the California Supreme Court

22  decided that very question, holding that "defendants who committed [qualifying] crimes before the

23  effective date of Proposition 47, but who are tried *or sentenced* after the measure's effective date,

24  are entitled to initial sentencing under Proposition 47, and need not invoke the resentencing

25  procedure set out in section 1170.18."  *People v. Lara*, 6 Cal. 5th 1128, 1133-34 (2019) (emphasis

26  added).  Because Group 1 is subject to a discretionary public safety exception to resentencing and

27  Group 2 is not, the Court finds that there is disparate treatment of the two groups.

28  Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
11

Finally, Petitioner argues that there is no rational basis for the disparate treatment between the two similarly situated groups. The Court of Appeal held, in part, that "[t]he electorate could have decided that a discretionary public safety exception was not as important for those defendants who had not yet been sentenced, since public safety can be protected through the charging discretion afforded to prosecutors as well as by court approval of any plea bargain and the court's discretionary sentencing decisions." Ex. 5 at 6. Petitioner argues that the prosecutor's "charging discretion" and the court's power to "approve any plea bargain" are irrational reasons for making the distinction between persons already serving sentences and those awaiting sentencing. The Court agrees with Petitioner that a prosecutor's charging discretion has no effect on a defendant who has already been charged and found guilty of a crime. Similarly, the court's power to approve a plea bargain would not meaningfully affect a defendant pending sentencing because Proposition 47 gives the court no discretion to refuse to redesignate to a misdemeanor the crime of someone who is waiting to be sentenced. Even if the court refused to approve a plea bargain, the offense would still be redesignated to a misdemeanor and the defendant would face a maximum sentence of one year. Pen. C. § 19.2.

Although the Court agrees with Petitioner that two of the Court of Appeal proffered justifications for the disparate treatment at issue are not rationally related to the statute's legitimate purposes, Petitioner ignores the third rationale discussed by the Court of Appeal. The Court of Appeal explained that the "[p]rospective application of a new statute 'allows the Legislature [or electorate] to control the risk of new legislation by limiting its application." Ex. 5 at 13 (quoting *Lynch*, 209 Cal. App. 4th at 361). As the Court of Appeal recognized, courts have held that there is no equal protection violation where a statute that lessens the punishment for a particular offense is applied only prospectively. Ex. 5 at 13, citing *People v. Floyd*, 31 Cal. 4th 179, 188 (2003). Here, the state could have rationally found it appropriate to limit the retroactive application of Proposition 47 by requiring a finding that resentencing would not pose an "unreasonable risk of danger to public safety." In other words, Proposition 47 reclassified Petitioner's crime as a misdemeanor with limited retroactivity by withholding retroactive application from those who are

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
12

1  already incarcerated and pose a danger to society. *See* Cal. Penal Code § 1170.18(a)-(b) & (f).

2  Limiting retroactivity in this way offers a plausible reason for the differing treatment of Groups 1

3  and 2 that Petitioner challenges.

4  The fact that the state could have lawfully decided not to apply Proposition 47

5  retroactively at all further supports the conclusion that it is not constitutionally impermissible for

6  the statute to add unique requirements for retroactive application that do not apply to the

7  prospective application. *See United States R. Ret. Bd. v. Fritz*, 449 U.S. 166, 177 (1980). In *Fritz*,

8  the Supreme Court considered whether the Railroad Retirement Act of 1974 violated equal

9  protection because it granted benefits to certain employees and retirees but not others. The

10 Supreme Court found no equal protection violation, explaining that the "'task of classifying

11 persons for . . . benefits . . . inevitably requires that some persons who have an almost equally

12 strong claim to favored treatment be placed on different sides of the line' . . . and the fact the line

13 might have been drawn differently at some points is a matter for legislative, rather than judicial,

14 consideration." *Id.* at 179 (quoting *Matthews v. Diaz*, 426 U.S. 67, 83-84 (1976)). In this case, the

15 state found it appropriate to draw a line preventing the retroactive application of Proposition 47 to

16 persons serving a sentence at the time the statute went into effect who pose an unreasonable risk to

17 public safety.

18 Therefore, the Court finds there are plausible reasons for Proposition 47's different

19 treatment of persons serving sentences and persons awaiting sentencing at the time the statute

20 went into effect. The Court of Appeal identified such reasons in holding that Proposition 47

21 satisfied the rational basis test. Thus, the court finds that the Court of Appeal's rejection of

22 Petitioner's equal protection arguments was not contrary to, nor an unreasonable application of,

23 established Supreme Court precedent.

24 //

25 //

26 //

27 //

28 Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
13

## IV. Conclusion

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**. The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

Dated: September 1, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02513-EJD
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
14